HENRIETTA MAY STOOTHOFF, Appellant, *v.* CORNELIUS STOOT-
HOFF, Respondent.

Second Department, July 27, 1920.

**Husband and wife — divorce — evidence.**

In an action by a wife for divorce, evidence examined and *held*, that a decree
should have been granted in favor of the plaintiff.

APPEAL by the plaintiff, Henrietta May Stoothoff, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 20th day of January, 1920, dismissing plaintiff's complaint in an uncontested action for divorce.

*Earl J. Helmick,* for the appellant.

No brief for the respondent.

RICH, J.:

The learned justice before whom the proofs were taken denied relief to plaintiff upon the ground that " The proof of misconduct on the defendant's part while living in Florida is to my mind, unconvincing."

It appeared upon the trial that the plaintiff and defendant lived together as husband and wife in Queens county, N. Y., for many years. In 1913 the defendant left the plaintiff and took up his residence in the State of Florida. There is some evidence that he obtained a pretended divorce from the plaintiff in that State upon the ground of desertion, but no

papers in the action were served upon plaintiff, and he has since married a woman in Florida.

Three disinterested and apparently respectable witnesses who had known the defendant for many years testified that in 1919 they visited the defendant at his home in Florida where he and the corespondent were living upon a farm as husband and wife, and there is evidence that a child has been born as a result of the adulterous intercourse, and the learned court was not at liberty to disregard it.

There is no suggestion of collusion, and a decree of divorce ought to have been granted. It follows, therefore, that the order must be reversed, and the conclusions of law and findings of fact appearing at page 32 of the record, proposed by plaintiff at the trial, found, and judgment of divorce directed to be entered in accordance therewith.

JENKS, P. J., PUTNAM, BLACKMAR and KELLY, JJ., concur.

Order reversed, and conclusions of law and findings of fact appearing at page 32 of the record, proposed by plaintiff at the trial, found, and judgment of divorce directed to be entered in accordance therewith.